UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION (CFTC),<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES H. MCALLISTER,<br><br>    Defendant | Case No.: 1:18-CV-0346 |

**RESPONSE TO:**

**THE CFTC'S CONSENT ORDER**

**BY DEFENDANT CHARLES H. McALLISTER**

The CFTC's CONSENT ORDER was presented to Defendant and is hereby REJECTED for some of the following reasons:

1. The CFTC's CONSENT ORDER contains an "admission of guilt" clause and Defendant has an appeal pending in a related criminal case.

2. The CFTC's CONSENT ORDER contains numerous, significant factual errors and conclusions in the Finding of Fact and Conclusions of Law. This issue could be easily eliminated with the exclusion or change of the "admission of guilt" clause. The CFTC

RESPONSE TO: THE CFTC'S CONSENT ORDER BY DEFENDANT CHARLES H. MCALLISTER - 1

stated such a change to the clause is a "non-starter".

3. The Permanent Injunctions in the CONSENT ORDER prevent the Defendant from his right to earn a living due to overly broad language and limitations. In fact, the Defendant has never been accused of any misconduct in connection with trading on a registered entity.

4. The CFTC has stated that this case is "very important to the commission" but has been unable to articulate how the case or an agreement, as well as certain non-negotiable terms in the agreement, would bring relief to the Bullion Direct creditors. For example, the Defendant is already subject to the same amount under a Restitution Order in the related criminal case.

## OTHER CONSIDERATIONS

The CFTC lacks jurisdiction over the activity at issue, given that there is no connection to any futures market; no manipulation of, or impact on, the futures market; and cannot be classified as retail leveraged commodities transactions.

Despite the CFTC's threats of seeking additional penalties should the proposed CONSENT ORDER not be accepted by the Defendant, the amounts would be uncollectable and come behind a redundant Restitution Order. In simpler terms, the CFTC is aware that any amount they are aware of is uncollectable and that they would use taxpayer funds to achieve nothing meaningful.

The Restitution amount sought is grossly miscalculated and cannot be substantiated. Furthermore, in light of the Supreme Court's decision in Lui, the CFTC is only entitled to

RESPONSE TO: THE CFTC'S CONSENT ORDER BY DEFENDANT CHARLES H. MCALLISTER - 2

recover "ill-gotten gains" and cannot recover funds that were used for legitimate business expenses.

## CONCLUSION

The CFTC continues to maintain a rigid position that the terms and wording, except for "minor changes," are non-negotiable. Without the CFTC's willingness to negotiate the actual terms of the agreement, any discussion of the factual errors and/or other wording changes is not a productive use of time for either party.

Dated this 14th day of August, 2020.

*/s/ Charles H. McAllister*
Charles H. McAllister, Defendant (Pro Se)

Charles McAllister
1550 Opelika Rd #6-143
Auburn AL 36830
cmcallister@austinplatforms.com
512-626-2949

RESPONSE TO: THE CFTC'S CONSENT ORDER BY DEFENDANT CHARLES H. MCALLISTER - 3